**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES TINDOL,** **Petitioner** | : | **NO. 4:26-CV-1429** |
| **v.** | : | **(Chief Judge Brann.)** |
| **JESSICA SAGE,** **Respondent** | : | **(Electronically Filed)** |

**RESPONSE TO PETITION**
**FOR WRIT OF HABEAS CORPUS**

Jessica Sage, the Warden, of the United States Penitentiary Lewisburg (USP Lewisburg), responds to the 28 U.S.C. § 2241 petition for writ of habeas corpus filed by James Tindol (Tindol). Tindol alleges that Bureau of Prison (BOP) is unlawfully denying him First Step Act (FSA) Time Credits (FTCs). (Doc. 1 (Pet.) at 1.) As relief, Tindol seeks an Order of this Court directing the BOP to restore all FTCs; Order the BOP to recalculate his sentence and prerelease custody eligibility.

The Court should dismiss the habeas petition because Tindol is ineligible to receive time credits under the FSA based on his conviction of an enumerated offense.

## I. PROCEDURAL HISTORY

Tindol filed his Petition on May 26, 2026. (Doc. 1.) On June 2, 2026, the Court issued an Order directing Respondent to file a response to the petition within twenty-one (21) days, by June 23, 2026. (Doc. 5, Order ¶ 4.) Respondent now

submits this response to the Petition.

## II. FACTUAL BACKGROUND

### A. Tindol's Criminal Conviction and Sentence

James Tindol is a federal inmate designated to the Satellite Cap at the Lewisburg Federal Correctional Institution (SPC Lewisburg). (Ex. 1, Franz Klosner Declaration, ¶ 4, Attach. A (Public Information Inmate Data.) Tindol is serving a one hundred twenty (120) month sentence imposed by the United States District Court of the Middle District of Pennsylvania for a conviction of Distribution of Fentanyl Resulting in Death. *Id.* Tindol's projected release date is November 18, 2030, through Good Conduct Time Release. *Id.*

### B. The First Step Act

On January 13, 2022, the DOJ announced that the BOP had finalized the FSA time credits rule and transmitted it to the Federal Register for publication. 18 U.S.C. § 3632(a); *see* 87 Fed. Reg. 2705 (codified at 28 C.F.R. § 523.40 *et. seq.* (Subpart E-First Step Act Time Credits)). This final rule codifies BOP's procedures regarding implementation of the specific FSA provisions, including those related to the earning and application of FSA time credits.[1] Successive assessments are typically

[1] 28 C.F.R. § 523.40(a) provides: "The purpose of this subpart is to describe procedures for the earning and application of Time Credits as authorized by 18 U.S.C. 3632(d)(4) and Section 101 of the First Step Act of 2018 (Pub. L. 115–391, December 21, 2018, 132 Stat. 5194) (FSA), hereinafter referred to as 'FSA Time Credits' or 'Time Credits.'"

conducted every 180 days after the prior assessment. BOP Program Statement 5321.09, § 5; *see also* BOP Program Statement 5400.01, *First Step Act Needs Assessment*, § 6, available at: https://www.bop.gov/policy/progstat/5400.01.pdf. For an inmate in custody as of the date of the FSA enactment, their second assessment date is deemed to be July 17, 2019 (180 days after January 18, 2019). *Id*.

Pursuant to the BOP Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), and 28 C.F.R. § 523.42(c)(1), an inmate will earn ten days of FSA credits for every thirty days of successful programming. An inmate may earn an additional five days of FSA credits for successful programming if the inmate has been assessed as a low or minimum risk for recidivism during his or her most recent two consecutive assessments. 28 C.F.R. § 523.42(c)(2)(i) and (ii).

Inmates are not absolutely entitled to earn and have FSA time credits applied. Congress completely precluded inmates from earning time credits if they were serving sentences for one of many enumerated crimes. 18 U.S.C. § 3632(d)(4)(D)(ixv).

## III. Question Presented

A. Whether the Court should dismiss the petition because Tindol is ineligible for the application of FSA time credits?

Suggested answer: *In the affirmative.*

## IV. Argument

### A. Tindol is ineligible to receive FSA time credits.

The First Step Act of 2018 (FSA) provides eligible inmates the opportunity to earn 10 or 15 days of time credits for every 30 days of successful participation in Evidence Based Recidivism Reduction Programs ("EBRR" programs) and Productive Activities (PAs). 18 U.S.C. § 3632(d)(4)(A) (Pub. L. No. 115-391, 132 Stat. 5194 (2018)). The earned credits, known as FSA Time Credits, can be applied toward earlier placement in pre-release custody, such as Residential Reentry Centers (“RRCs) and home confinement (“HC”), or toward a term of supervised release. 18 U.S.C. § 3632(d)(4)(C). FSA Time Credits may not be earned for any EBRR program that an inmate completed prior to the subchapter’s enactment date or during official detention prior to the date the inmate's sentence commenced pursuant to 18 U.S.C. § 3585. 18 U.S.C. § 3632(d)(4)(B). An inmate may be ineligible to earn FSA Time Credits if they are serving a sentence for certain offenses or have a final deportation order. 18 U.S.C. § 3632(d)(4)(D).

A key substantive component of the FSA involves the development of “a risk and needs assessment system” (the system). The BOP uses the system to evaluate individual inmates' unique profiles. Pursuant to 18 U.S.C. § 3632(a), the Attorney General was required to develop the system “[n]ot later than 210 days after the date of enactment” of the FSA on December 21, 2018. 18 U.S.C. § 3632(a). This deadline

was met when DOJ released the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) on July 19, 2019. The BOP identified 13 distinct needs areas to be assessed, several of which involve inmate participation by, e.g., completing surveys or questionnaires. 18 U.S.C. § 3621(h)(l)(A).

The FSA provides a limited opportunity to specified inmates, but it does not create a right for all inmates. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There are certain limitations on the earning of FTCs. First, inmates may not earn FTC for EBRR programs they successfully completed before enactment of the FSA or prior to the commencement of their sentence. 18 U.S.C. § 3632(d)(4)(B). Moreover, Congress precluded inmates from earning time credits if they were serving sentences for one of many enumerated crimes. *See* 18 U.S.C. § 3632(d)(4)(D).

The FSA clearly states an inmate is ineligible to earn FSA Time Credits if they are serving a sentence for certain offenses, which are outlined under 18 U.S.C. § 3632(d)(4)(D). The FSA specifically lists 21 U.S.C. § 841 as a disqualify offenses. *Id.*, § 3632(d)(4)(D)(lviii). "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: ... (lviii) Section 401(a) of the Controlled Substances

Act (21 U.S.C. 841) relating to manufacturing or distributing a controlled substance in the case of a conviction for an offense described in subparagraph (A), (B), or (C) of subsection (b)(l) of that section for which death or serious bodily injury resulted from the use of such substance." *Id.*

Here, Tindol was convicted under 21 U.S.C. § 841 (A)(l)(B)(I)(C) for Distribution of Fentanyl Resulting in Death, which precludes him from being eligible to earn FTCs. (Ex. 1 ¶ 7, Attach. B (Judgment and Commitment Order).) Accordingly, due to his § 841(A)(l)(B)(l)(C) conviction, Tindol is ineligible to receive FSA time credit.

Additionally, On February 19, 2025, Tindol was reviewed and it was determined that he was ineligible for FTCs under the FSA. (Ex. 1 ¶ 8, Attach. C (Inmate Profile).)

As such, Tindol is properly excluded from FTC eligibility pursuant to 18 U.S.C. § 3632(d)(4)(D)(lviii).

## V. Conclusion

The Court should deny the habeas petition, because the BOP properly denied the application of FSA time credits, since Tindol's sentence is a disqualifying offense.

Respectfully submitted,

Brian D. Miller
United States Attorney

s/ *Ryann D. Loftus*
Ryann D. Loftus
Assistant U.S. Attorney
PA 319379
Cristina M. Vazquez
Paralegal Specialist
1501 N 6th Street
Harrisburg, PA 17102
Phone: 570-348-2800
E-mail: Ryann.Loftus@usdoj.gov

Dated: June 23, 2026

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES TINDOL,** | : | **NO. 4:26-CV-1429** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Chief Judge Brann.)** |
| | : | |
| **JESSICA SAGE,** | : | |
| **Respondent** | : | **(Electronically Filed)** |

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers. That on June 23, 2026, she served a copy of the attached

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

**Addressee:**
James Tindol
Reg. No. 48069-509
SPC Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

s/ Cristina M. Vazquez
Cristina M. Vazquez
Paralegal Specialist