**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES TINDOL, | No. 4:26-CV-01429 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| JESSICA SAGE, | |
| Respondent. | |

**MEMORANDUM OPINION**

**OCTOBER 13, 2026**

Petitioner James Tindol, an inmate confined at the Federal Correctional Institution in Lewisburg, Pennsylvania (FCI Lewisburg), filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to order the Federal Bureau of Prisons (BOP) to find him eligible to earn time credits pursuant to the First Step Act of 2018 (FSA)[1] and to apply those credits to his sentence. Because Tindol is statutorily ineligible to receive FSA time credits, the Court must deny his petition.

## I. BACKGROUND

In March 2020, Tindol was charged by criminal information with distribution of fentanyl (a schedule II controlled substance) "and the death of A.V. resulted from the use of such substance," in violation of 21 U.S.C. § 841(a)(1) and

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).

(b)(1)(C).[2] Tindol entered into a written plea agreement, agreeing to plead guilty to the single-count information charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) where death resulted, which agreement expressly noted that the statutory mandatory minimum for this offense was 20 years' incarceration.[3] Tindol then pled guilty to this same offense on June 2, 2021.[4] In March 2022, he was sentenced to a term of 120 months' imprisonment.[5]

In his Section 2241 petition, Tindol alleges that he was originally determined to be eligible to earn and receive FSA credits.[6] However, that determination was changed when he was transferred to "SPC" Lewisburg, where he was informed that his offense of conviction was disqualifying for FSA credit purposes under 18 U.S.C. § 3632(d)(4)(D).[7] Thus, his current projected release date, according to BOP officials and via application of good-conduct time, is November 18, 2030.[8]

Tindol avers that he exhausted administrative remedies and thereafter filed the instant Section 2241 petition.[9] He contends that although he may have been charged with an FSA-disqualifying offense, he was not convicted of or sentenced

---

2 *United States v. Tindol*, No. 3:20-cr-00083, Doc. 1 (M.D. Pa. Mar. 6, 2020) (Mariani, J.).
3 *See id.*, Doc. 3 at 1-2.
4 *See id.*, Doc. 12 (M.D. Pa. June 2, 2021).
5 *See id.*, Doc. 30 (M.D. Pa. Mar. 16, 2022).
6 *See* Doc. 1 ¶ 13.
7 *Id.* ¶¶ 18-19.
8 Doc. 7-3 at 1, 2.
9 *See* Doc. 1 ¶¶ 6-10.

for a disqualifying offense and therefore is eligible to earn and receive FSA credits. He asks the Court to order the BOP to find him eligible for FSA credits and to apply the credits he believes he has earned. Tindol's Section 2241 petition is fully briefed and ripe for disposition.

## II. Discussion

Tindol's argument goes like this: under 18 U.S.C. § 3632(d)(4)(D)(lviii), Congress expressly removed from FSA eligibility only those drug manufacturing or distribution offenses "for which death or serious bodily injury resulted from the use of such substance."[10] He then contends that—although he was charged with such a disqualifying offense—because distribution of fentanyl that results in death under 21 U.S.C. § 841(b)(1)(C) carries a mandatory minimum term of imprisonment of 20 years (or 240 months), and he was sentenced to only 10 years' (or 120 months') imprisonment, he was not convicted of or sentenced for an FSA-disqualifying offense.[11] Tindol is incorrect.

Section 3632(d)(4)(D) of Title 18 of the United States Code provides an extensive list of offenses that render a prisoner "ineligible to receive [FSA] time credits" if the prisoner "is serving a sentence for a conviction" for any of the enumerated offenses.[12] One such disqualifying offense is "Section 401(a) of the

---

10 18 U.S.C. § 3632(d)(4)(D)(lviii).

11 *See* Doc. 1 ¶¶ 20-23, 31-34, 37-41.

12 *See* 18 U.S.C. § 3632(d)(4)(D).

Controlled Substances Act (21 U.S.C. [§] 841), relating to manufacturing or distributing a controlled substance in the case of a conviction for an offense described in subparagraph (A), (B), or (C) of subsection (b)(1) of that section for which death or serious bodily injury resulted from the use of such substance."[13]

There is no question that Tindol was charged with and pled guilty to an FSA-disqualifying offense. As noted above, his criminal information charged distribution of fentanyl (a schedule II controlled substance) "and the death of A.V. resulted from the use of such substance," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and he pled guilty to the offense charged in the information.

Tindol's argument centers on the sentence he received. He claims that he could not have been convicted of and sentenced under the "death-or-serious-bodily-injury-resulted" enhancement of Section (b)(1)(C) because he was sentenced to only 120 months' imprisonment, not the 240-month mandatory minimum implicated by the enhancement.

This sentencing discrepancy, however, is easily resolved. In Tindol's criminal case, the government moved for a downward departure,[14] and the Court granted that motion and reduced Tindol's sentence accordingly.[15] The downward departure did not alter the offense of conviction or the fact that Tindol was

---

[13] *Id.* § 3632(d)(4)(D)(lviii).
[14] *See Tindol*, No. 3:20-cr-00083, Doc. 21 (M.D. Pa.).
[15] *See id.*, Doc. 31.

convicted and sentenced for that specific offense. Indeed, Tindol's judgment of sentence plainly states that he pled guilty to Count 1 of the information and was "adjudicated guilty" of "Distribution of Fentanyl Resulting in Death," 21 U.S.C. § 841(a)(1) and (b)(1)(C).[16]

Because Tindol is in fact serving a sentence (albeit, a reduced one) for an offense that Congress has deemed categorically ineligible for receipt of FSA credits under 18 U.S.C. § 3632(d)(4)(D), he is statutorily barred from receiving FSA time credits. Consequently, his Section 2241 petition must be denied.

## III. Conclusion

For the foregoing reasons, the Court will deny Tindol's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

[16] *Id.*, Doc. 30 at 1.